


**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**JASPER DIVISION**

| | | |
|---|---|---|
| **LAURA ANN FRANKS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 6:09-CV-01708-KOB** |
| | ) | |
| **MICHAEL J. ASTRUE** | ) | |
| **Commissioner of the Social,** | ) | |
| **Security Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OPINION**

This matter is before the court on "Plaintiff's Motion for Attorney Fees and Cost under the Equal Access to Justice Act, 28 U.S.C. Section 2412" (doc. 14), requesting an award of EAJA fees. In his response (doc. 15), the Commissioner acknowledged that the Plaintiff is the prevailing party in this matter but objects to the amount of fees and expenses requested as excessive. For the following reasons, the court finds that the motion is due to be GRANTED in part and DENIED in part: the court will GRANT the request for fees but will reduce the amount as explained below.

EAJA allows the award of attorneys fees and other expenses against the Government provided that

> 1) the party seeking such fees is the "prevailing party" in a civil action brought by or against the U.S.;
> 2) an application for such fees, including an itemized justification for the amount requested, is timely filed within 30 days of final judgment in the action;
> 3) the position of the government is not substantially justified; and
> 4) no special circumstances make an award unjust.

28 U.S.C. §§ 2412(d)(1)(A), (B). The absence of any one of the above factors shall preclude an award of fees. *See id.*

The Commissioner does not dispute the issues of prevailing party status, substantial justification, timeliness, or the proper allocation of fees. The court agrees and finds that the Plaintiff has met the four factors and that an award of fees under the EAJA is appropriate.

The Commissioner does object, however, to amount of the fee award requested, asserting the unreasonableness of the claimed hourly rate and the hours billed. As to the hourly rate, the Commissioner objects to the requested rate of $175.06, pointing instead to the $125 rate per hour that the EAJA provided for in 1996. *See* 28 U.S.C. § 2412(d)(2)(A). However, the EAJA does provide that the court may award a fee based on a rate higher than $125 if it "determines that an increase in the cost of living or a special factor. . . justifies a higher fee." *Id.*

Mr. Wadsworth does not submit information to the court about the length of time he has practiced law generally or his specific experience representing Social Security applicants. That information would have assisted the court in its determination. However, the court has received other Social Security appeals that Mr. Wadsworth handled and is familiar with his work. The court has received requests for EAJA fees on a regular basis, and the rate of hourly fees requested and approved during the last year generally fall within the range of $160- $175 per hour. Further, the court is generally aware of the prevailing market rate in the Northern District of Alabama for comparable work. Accordingly, the court finds that the rate of $170.00 per hour is reasonable for a lawyer with the skills, experience, and reputation comparable to that of Mr. Wadsworth, and the court approves that rate for his services in this case.

As to the number of service hours requested, the Commissioner objects that the amount requested, 52.60 hours, is excessive. This court agrees. The number of hours that are reasonable and fair depends on many factors, such as the number and novelty of the issues raised, the complexity of the facts, etc. As the Commissioner points out, this court has received many EAJA requests with hours that average about 15 hours per appeal. While the court has approved service hours over that amount, the current request is more than three times the usual request but the case did not involve overly complex issues, elaborate briefing, or a labyrinthine record.

Specifically, the court agrees that the following time entries must be adjusted because the requested hours are excessive or unjustified altogether:

| | |
|---|---|
| 1.0 hours on 8/1/09 | Disallow 1.0 because EAJA only applies to work performed in judicial proceeding upon filing the appeal in federal court |
| 5.5 hours on 8/26/09 | Disallow 5.5 because involved *attorney* travel to Bham to file complaint |
| 1.0 hour on 1/14/10 | Reduce .80 to .20 for review and calendaring - if counsel failed to read the letter until over a month after it was sent, he will not be compensated for preparation of a motion for extension of time because of that delay |
| 8/27; 9/1,2 & 22; 10/16; 1/9/10 | Reduce by .60 total - entries of .30 reduced to .20 for review of routine court notice |
| 26 hrs on brief | Reduce by 17 hours |
| 3/18-19/10 | Reduce by 1.50 to 1.0 - review of Comm'r brief where no reply |
| 3.0 hours on 5/24/11 | Reduce by 2 hours to 1.0 hour - although brief was six pages, only the last page contained information specific to this petition, and the attachments were not time intensive |

As noted above, the court finds that 28.40 hours of those requested were not reasonably expended, and are disallowed. The remaining 24.20 hours were reasonably expended, and an attorney's fee of 24.20 hours at the rate of 170.00 per hour for a total of $4,114.00 is reasonable and fair for the work performed in this matter. Therefore, the court finds the motion for an award of an attorney's fee is due to be granted in that amount.

The Commissioner also objects to the request for expenses in the amount of $102.00, because the motion and attachments fail to articulate what expenses were incurred. The court agrees and will deny the motion to the extent that it requests an award for expenses without specificity.

In sum, the court finds that the motion for EAJA fees and expenses is due to be GRANTED in part and DENIED in part. The court will grant the motion to the extent that it requests a reasonable attorney's fee but instead of awarding the amount requested of $9,208.17, the court will award to Plaintiff the reduced amount of $4,114.00, which it finds to be reasonable and fair under the circumstances of this case. The court will deny the motion to the extent it requests an award of expenses.

Dated this 12th day of July, 2011.

KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE